UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
                                                :
SIRIUS SATELLITE RADIO INC.                     :
                                                :
                             Plaintiff,          :      Civil Action No.: 05-CV-7495
                                                :
                v.                              :      Judge : Crotty
                                                :
ACACIA RESEARCH CORPORATION                     :
             and                                :
ACACIA GLOBAL ACQUISITION CORP.                 :
                                                :
                             Defendants.         :
                                                :
------------------------------------------------X

## COMPLAINT

Plaintiff Sirius Satellite Radio Inc. ("Sirius"), by its attorneys Kramer Levin Naftalis &
Frankel LLP, brings this action against defendants Acacia Research Corporation ("Acacia
Research") and Acacia Global Acquisition Corp. ("Acacia Global") (hereinafter
sometimes referred to jointly as "Acacia") and complains and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action seeking a declaratory judgment of invalidity and non-
infringement of United States Patent No. 5,063,610 assigned to Acacia. The action arises
under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of
the United States, Title 35 U.S.C. §§ 101 et seq.

2.      This Court has jurisdiction based on 28 U.S.C. § 1338 there being an actual
controversy between the parties.

3.      Venue is based on 28 U.S.C. § 1391(b).

<u>THE PARTIES</u>

4.    Sirius is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.  Sirius provides a digital satellite radio service throughout the United States.

5.    Acacia Research is a corporation organized and existing under the laws of the State of Delaware having a place of business at 500 Newport Center Drive, Newport Beach, California 92660.  Acacia Research is in the business of purchasing patent properties of third parties and, by and through its division Acacia Technologies Group, of seeking thereafter to license or enforce such properties.

6.    Acacia Global is a wholly owned subsidiary of Acacia Research and is a corporation organized and existing under the laws of the State of Delaware having a place of business at 500 Newport Center Drive, Newport Beach, California 92660.  Upon information and belief, Acacia Global is the owner of United States Patent No. 5,063,610.

<u>BACKGROUND OF THE ACTION</u>

7.    United States Patent No. 5,063,610 (the "'610 patent"), entitled "BROADCASTING SYSTEM WITH SUPPLEMENTAL DATA TRANSMISSION AND STORAGE", issued on November 5, 1991 based on an application filed on February 28, 1991 naming as the alleged inventor David Alwadish of New York, N.Y. The '610 patent application is alleged to be continuation of Serial No. 413,536 filed September 27, 1989, now abandoned.  At the time of issuance of the '610 patent the record owner of the patent was Ing Communications, Inc. ("Ing") of New York, N.Y. Upon information and belief, Ing was wholly owned by the alleged inventor David Alwadish.

8. Upon information and belief, in January 2005, Acacia purchased the '610 patent from Global Patent Holdings, LLC who in turn had purchased the '610 patent from Ing.

9. By letter dated March 30, 2005, Acacia, acting through its Chief Operating Officer and General Counsel of Acacia Technologies Group, wrote to Sirius alleging that the '610 patent "covers a service being offered by Sirius." The letter included a CD-ROM that purported to show "engineering diagrams illustrating exactly how the patent covers Sirius … ."

10. In attempting to investigate the allegations of Acacia, Sirius discovered that the proceedings before and maintained at the United States Patent and Trademark Office ("USPTO") resulting in the issuance of the '610 patent as well the proceedings of its abandoned parent application (the "file histories") had disappeared. To date, all attempts by Sirius to obtain copies of the '610 patent application and its parent file histories have been fruitless.

11. Upon information and belief, during the proceedings of the '610 patent application as well as the parent application, Leo Zucker, a patent attorney then having an office at 50 Main Street, White Plains, New York, was the attorney representing the alleged inventor and/or his assignee.

<u>COUNT I: PATENT INVALIDITY</u>

12. The allegations of paragraphs 1 through 11 are repeated and realleged as if fully set forth herein.

13. An actual controversy exists between Acacia and Sirius with respect to the invalidity of the '610 patent.

14. The '610 patent is invalid under 35 U.S.C. § 103 since the differences between the subject matter sought to be patented and the prior art were such that the subject matter

as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

15.    The '610 patent is invalid under 35 U.S.C. §§ 102 and 112.

### COUNT II: NONINFRINGMENT

16.    The allegations of paragraphs 1 through 15 are repeated and realleged as if fully set forth herein.

17.    An actual controversy exists between Acacia and Sirius with respect to the non-infringement of the '610 patent.

18.    Neither Sirius' receivers nor its broadcasting method infringes the '610 patent either literally or under the doctrine of equivalents.

19.    Upon information and belief, Acacia is estopped, because of its amendment of the claims of the '610 patent to overcome prior art during prosecution of the '610 patent before the USPTO, to claim that the Sirius receivers or the Sirius broadcast method infringes the claims of the '610 patent.

KL3:2461253.2

WHEREFORE, plaintiff Sirius prays that:

a.  This Court declare that United States Patent No. 5,063,610 is invalid;

b.  This Court declare that Sirius does not infringe United States Patent No. 5,063,610;

c.  This Court declare that Acacia is estopped to claim that Sirius infringes United States Patent No. 5,063,610;

d.  This Court award Sirius its costs, expense and disbursement in this action, including reasonable attorneys fee pursuant to 35 U.S.C. § 282; and

e.  Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 24, 2005

Kramer Levin Naftalis & Frankel LLP

By: _____
    Nicholas L. Coch (3541)
    Jonathan S. Caplan (1089)
    1177 Avenue of the Americas
    New York, New York  10036
    Tel.:  (212) 715-9100
*Attorneys for Plaintiff*

Of Counsel:

Peter A. Abruzzese (3688)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
Tel.:  (212) 715-9100

KL3:2461253.2