IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SIRIUS SATELLITE RADIO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  05-CV-7495 PAC |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Paul A. Crotty |
| ACACIA RESEARCH CORPORATION, | ) | |
| and | ) | |
| ACACIA GLOBAL ACQUISITION CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R.CIV.P. 12 (b) (1) and 12(b)(6)

Defendants, Acacia Research Corporation and Acacia Global Acquisition Corporation, ("Acacia") file this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject matter and because the Complaint fails to state a claim upon which relief can be granted, respectively.

### A.    Factual Background

Sirius Satellite Radio ("Sirius") filed this action on August 24, 2004 under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for invalidity and noninfringement of U.S. Patent No. 5,063,610 (the "'610 Patent").

The '610 Patent covers a system for broadcasting material together with related information pertaining to the program material, such as the name of the song or artist. Specifically, the receiver plays the program material and displays the related information. If the user enters a memory command; i.e. pushes a button, the receiver stores the related information in memory. The user can later view the stored related information by pushing a button, and can

then view the current broadcast related information by pushing a button, thereby enabling the user to selectively view the information of the current broadcasting material or the information in the memory.

Paragraph nine in Sirius' Complaint is the sole allegation that discusses Acacia's conduct that caused Sirius to file its Complaint. It simply states that Acacia wrote to Sirius alleging that the '610 Patent covers Sirius' service with Acacia including an infringement analysis. It states the following in totality:

> 9.    By letter dated March 30, 2005, Acacia, acting through its Chief Operating Officer and General Counsel of Acacia Technologies Group, wrote to Sirius alleging that the '610 Patent 'covers a service being offered by Sirius.' That letter included a CD-ROM that purported to show 'engineering diagrams illustrating exactly how the patent covers Sirius ....' (Ex. A)

Sirius does not allege any other action by Acacia. Significantly, it does not allege that Sirius had a reasonable apprehension that it would face an infringement suit.

**B.    Sirius Has Not Stated A Claim Upon Which Relief Can Be Granted**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part as follows:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The Act "requires an <u>actual controversy</u> between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment." *Teva Pharmaceuticals, USA, Inc. v. Pfizer, Inc.,* 395 F.3d 1324, 1331 (Fed. Cir. 2005); *Cygnus Therapeutics Systems v. Alza Corp.,* 92 F.3d 1153, 1158 (Fed. Cir. 1996) (emphasis added for both). There are two requirements to establish an actual controversy: (1) an explicit threat or other action by the patentee which creates a <u>reasonable apprehension</u> on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory

2

judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity." *Teva Pharmaceuticals*, 395 F.3d at 1332; *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004); *Hunter Dougles, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1326 (Fed. Cir. 1998); *Cygnus Therapeutics Systems*, 92 F.3d at 1159 (Fed. Cir. 1996) (emphasis added for all).

In the present case, the "reasonable apprehension" requirement is not met. Specifically, the declaratory judgment plaintiff "must be able to demonstrate that it has a reasonable apprehension of <u>imminent</u> suit." *Teva Pharmaceuticals*, 395 F.3d at 1333 (emphasis in original). That is, the threat must have "sufficient immediacy." *Gen-Probe*, 359 F.3d at 1379; *Cygnus Therapeutics Systems*, 92 F.3d at 1158. Also, the declaratory judgment plaintiff has the burden of proving that its apprehension of an imminent suit was reasonable from an <u>objective</u> perspective. *Phillips Plastics Corp. v. Kato Hatsujou*, 57 F.3d 1051, 1054 (Fed. Cir. 1995); *Cygnus*, 92 F.3d at 1159. Moreover, this determination must be made from <u>the facts alleged in the complaint</u>. *Teva Pharmaceuticals*, 395 F.3d at 1333; *Hunter Douglas*, 153 F.3d at 1326; *Gen-Probe*, 359 F.3d at 1379.

Significantly, an offer of a patent license, a history of enforcing patents, statements that "it intended to enforce the patent" or that the alleged infringer's activities "are covered by the patent" do not, in of by themselves, or in various combinations, create a sufficient objective reasonable apprehension of being an imminent lawsuit in order to establish a case or controversy under the Declaratory Judgment Act. *Teva Pharmaceuticals*, 395 F.3d at 1333 (a history of enforcing patents and the refusal to grant covenant not to sue did not create a controversy); *Phillips*, 57 F.3d at 1054 (an offer of a license and expressly stating that the plaintiff needed a license to continue its activity did not create a controversy); *Cygnus*, 92 F.3d at 1159 (the refusal

3

to negotiate a license and a statement that the patentee "took a very strong proprietary position" did not create a controversy); *Shell Oil Company v. Amoco Corporation*, 970 F.2d 885, 888-889 (Fed. Cir. 1992) (statements that the activities were covered by the patent and that the patentee intended to enforce its patent and other "jawboning" statements during license negotiations did not create a controversy).

In the present case, Sirius' sole allegation in the Complaint is Acacia's statement that "the '610 patent covers a service being offered by Sirius" along with Acacia including an infringement analysis. As established by the Federal Circuit, this is simply insufficient to create a reasonable apprehension of immediate litigation under the Declaratory Judgment Act. Most telling -- and very significantly -- Sirius did not even allege that it had a reasonable apprehension of being sued -- a legal requirement and the cornerstone of a declaratory judgment action. Thus, its Complaint must fail as a matter of law.

Defendants anticipate that the Sirius will argue, as they did in their Premotion Conference Letter, that the Defendants have a history of enforcing their patents, thereby creating a case or controversy. First, a history of enforcing patents is insufficient to create an objective reasonable apprehension of an immediate litigation. *Teva Pharmaceuticals*, 395 F.3d at 1333. Secondly, the Defendants have never enforced the '610 Patent, have granted licenses under other patents that were never litigated and own many patents that it has never litigated.

Moreover, even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has the substantial discretion to decline that jurisdiction. *Teva Pharmaceuticals,* 395 F.3d 1332; *Cygnus*, 92 F.3d at 1158-1159. If having a history of enforcing some of its patents could be used as a basis for a declaratory judgment action, the patentee would always be reluctant to engage in license negotiations for the fear of

being hailed into court. It would discourage license negotiations and encourage litigation – in many cases where the patentee does not want to litigate but would rather engage in amicable license negotiations. Instead the patentee would file a lawsuit to prevent it from being sued in the defendant's forum. Once this happens and the litigators are involved, the cost of the license negotiations increases significantly and the probability of an amicable business-like license negotiation decreases. In short, it would have a negative impact on the entire situation – thereby converting a license negotiation among business people into an expensive litigation with outside lawyers.

For the forgoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a cause of action.

Respectfully submitted,

ACACIA RESEARCH CORPORATION
ACACIA GLOBAL ACQUISITION CORPORATION

By: s/Lee F. Grossman
    Lee F. Grossman – LG 0979
    Mark M. Grossman
    Jeffrey Drake
    Grossman Law Offices
    122 S. Michigan Avenue, Suite 1720
    Chicago, Illinois 60603
    (312) 294-0500

*Of Counsel*

Robert L. Epstein (RLE 8941)
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Telephone: 212-292-5390
Fax: 212-292-5391

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

SIRIUS SATELLITE RADIO INC.

               Plaintiff,

          v.

ACACIA RESEARCH CORPORATION
        and
ACACIA GLOBAL ACQUISITION CORP.

               Defendants.

-----------------------------------x

Civil Action No.: 05-CV-7495

Judge : Crotty

## COMPLAINT

Plaintiff Sirius Satellite Radio Inc. ("Sirius"), by its attorneys Kramer Levin Naftalis &

Frankel LLP, brings this action against defendants Acacia Research Corporation ("Acacia

Research") and Acacia Global Acquisition Corp. ("Acacia Global") (hereinafter

sometimes referred to jointly as "Acacia") and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action seeking a declaratory judgment of invalidity and non-

infringement of United States Patent No. 5,063,610 assigned to Acacia. The action arises

under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of

the United States, Title 35 U.S.C. §§ 101 et seq.

2.     This Court has jurisdiction based on 28 U.S.C. § 1338 there being an actual

controversy between the parties.

3.     Venue is based on 28 U.S.C. § 1391(b).

KL3:2461253.2

## THE PARTIES

4.    Sirius is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Sirius provides a digital satellite radio service throughout the United States.

5.    Acacia Research is a corporation organized and existing under the laws of the State of Delaware having a place of business at 500 Newport Center Drive, Newport Beach, California 92660. Acacia Research is in the business of purchasing patent properties of third parties and, by and through its division Acacia Technologies Group, of seeking thereafter to license or enforce such properties.

6.    Acacia Global is a wholly owned subsidiary of Acacia Research and is a corporation organized and existing under the laws of the State of Delaware having a place of business at 500 Newport Center Drive, Newport Beach, California 92660. Upon information and belief, Acacia Global is the owner of United States Patent No. 5,063,610.

## BACKGROUND OF THE ACTION

7.    United States Patent No. 5,063,610 (the "'610 patent"), entitled "BROADCASTING SYSTEM WITH SUPPLEMENTAL DATA TRANSMISSION AND STORAGE", issued on November 5, 1991 based on an application filed on February 28, 1991 naming as the alleged inventor David Alwadish of New York, N.Y. The '610 patent application is alleged to be continuation of Serial No. 413,536 filed September 27, 1989, now abandoned. At the time of issuance of the '610 patent the record owner of the patent was Ing Communications, Inc. ("Ing") of New York, N.Y. Upon information and belief, Ing was wholly owned by the alleged inventor David Alwadish.

KL3:2461253.2

8.    Upon information and belief, in January 2005, Acacia purchased the '610 patent from Global Patent Holdings, LLC who in turn had purchased the '610 patent from Ing.

9.    By letter dated March 30, 2005, Acacia, acting through its Chief Operating Officer and General Counsel of Acacia Technologies Group, wrote to Sirius alleging that the '610 patent "covers a service being offered by Sirius." The letter included a CD-ROM that purported to show "engineering diagrams illustrating exactly how the patent covers Sirius ... ."

10.    In attempting to investigate the allegations of Acacia, Sirius discovered that the proceedings before and maintained at the United States Patent and Trademark Office ("USPTO") resulting in the issuance of the '610 patent as well the proceedings of its abandoned parent application (the "file histories") had disappeared. To date, all attempts by Sirius to obtain copies of the '610 patent application and its parent file histories have been fruitless.

11.    Upon information and belief, during the proceedings of the '610 patent application as well as the parent application, Leo Zucker, a patent attorney then having an office at 50 Main Street, White Plains, New York, was the attorney representing the alleged inventor and/or his assignee.

## COUNT I:  PATENT INVALIDITY

12.    The allegations of paragraphs 1 through 11 are repeated and realleged as if fully set forth herein.

13.    An actual controversy exists between Acacia and Sirius with respect to the invalidity of the '610 patent.

14.    The '610 patent is invalid under 35 U.S.C. § 103 since the differences between the subject matter sought to be patented and the prior art were such that the subject matter

as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

15.    The '610 patent is invalid under 35 U.S.C. §§ 102 and 112.

### COUNT II: NONINFRINGMENT

16.    The allegations of paragraphs 1 through 15 are repeated and realleged as if fully set forth herein.

17.    An actual controversy exists between Acacia and Sirius with respect to the non-infringement of the '610 patent.

18.    Neither Sirius' receivers nor its broadcasting method infringes the '610 patent either literally or under the doctrine of equivalents.

19.    Upon information and belief, Acacia is estopped, because of its amendment of the claims of the '610 patent to overcome prior art during prosecution of the '610 patent before the USPTO, to claim that the Sirius receivers or the Sirius broadcast method infringes the claims of the '610 patent.

WHEREFORE, plaintiff Sirius prays that:

a.   This Court declare that United States Patent No. 5,063,610 is invalid;

b.   This Court declare that Sirius does not infringe United States Patent No. 5,063,610;

c.   This Court declare that Acacia is estopped to claim that Sirius infringes United States Patent No. 5,063,610;

d.   This Court award Sirius its costs, expense and disbursement in this action, including reasonable attorneys fee pursuant to 35 U.S.C. § 282; and

e.   Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 24, 2005

Kramer Levin Naftalis & Frankel LLP

By: _____
    Nicholas L. Coch (3541)
    Jonathan S. Caplan (1099)
    1177 Avenue of the Americas
    New York, New York  10036
    Tel.:  (212) 715-9100
    *Attorneys for Plaintiff*

Of Counsel:

Peter A. Abruzzese (3688)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
Tel.:  (212) 715-9100

KL3:2461253.2